MANDATE

CONN/NHCT
00-CR-263
Hall

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

2005 JUL 22 P 1:59

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 15th day of October, two thousand and four.

PRESENT:

    Hon. John M. Walker, Jr.,
           Chief Judge,
    Hon. Pierre N. Leval,
    Hon. Robert A. Katzmann,
           Circuit Judges.



-------------------------------------------------X

UNITED STATES OF AMERICA,

        Appellee,

    v.
                                  No. 02-1148(L), 02-1754(CON),
                                  02-1756 (CON), 03-1014(CON),
                                  03-1148(CON) 03-1408(CON)

KELVIN BURDEN, also known as Waffle, also known as Uncle, also known as Unc, DAVID 4 BURDEN, also known as DMX, also known as X, ANTHONY BURDEN, also known as Mackey, also known as Tony, WILLIE PREZZIE, also known as Prez, also known as Dog, ANTHONY BUCHANAN, also known as Jungle, TERRENCE THOMPSON, also known as Creed, MICHAEL SAWYER, also known as Michael Moss, TERRA NIVENS, also known as Stink, also known as Stinkfinger, FRANK KNIGHT, also known as Ace, also known as Groovy, DWIGHT MASCHECK, also known

ISSUED AS MANDATE: 7-19-05

as Shorty, JERMAINE MARTIN, also known as Psycho, ANDRE
MCCLENDON, also known as Popsicle, MICHAEL GLENN, also known as
Rockafella, DAVID 17 BURDEN, also known as Quinten, also known as
Sid, JOSEPH DANIELS, also known as Digital, LAVON GODFREY, ALVIN
WHITE, also known as Uncle Lee, ANDRE DAWSON, also known as Yup
Yup, JAHOD NASH, also known as Hottie Jig, JEFFREY FREDERICKS,
also known as JL, also known as Dahmer, MARK CALDWELL, also known
as Sparks, KEVIN HAMLETTE, also known as Fresh, ERNEST EUGENE
WELDON, also known as Gene, also known as Mean Gene, also known
as Mean One, THOMAS HOLMAN, also known as Uno, ADAM SANDERS, also
known as AD, KENDAL MULLINS, also known as K-Nice, THOMAS FAGAN,
JOSEPH DARDEN, JEFFREY LOCKHART, LAMONT BROWN, also known as L,
St. CLAIR BURDEN, also known as Gowser, also known as Boo Boo,
also known as GP, CEDRIC BURDEN, also known as Sid, ANTONIO
WILLIAMS, also known as LO LO, KEITH LYONS, also known as Papa
Large, also known as Pops, BARNEY BURDEN, also known as Buddy,
also known as Buddy Rock, also known as Rock, DEMETRIUS STORY,
LESLIE WAYNE CARLOS, also known as Cheetah, and TODD SUMMERVILLE,

                Defendants,

TERRENCE BOYD, JERMAINE BUCHANAN, also known as Ski, ANGEL
CABRERA, also known as Cheeks, ROBERT JONES, also known as
Swinger, and PATRICE ST. SURIN, also known as Patrick, also known
as Watty Wat,

                Defendants-Appellants.

------------------------------------------------X

APPEARING FOR APPELLEE:    BRIAN E. SPEARS,
                           Assistant United States
                           Attorney (Kevin J.
                           O'Connor, United States
                           Attorney for the District
                           of Connecticut, William
                           J. Nardini, Assistant
                           United States Attorney on
                           the brief) Hartford, CT,
                           for Appellee.

APPEARING FOR APPELLANT:   BERNARD V. KLEINMAN,
                           White Plains, NY, for
                           Defendant-Appellant St.
                           Surin.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, <u>Judge</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendant-Appellant Patrice St. Surin appeals from the order of the United States District Court for the District of Connecticut (Janet C. Hall, <u>Judge</u>) denying St. Surin's motion for an acquittal notwithstanding the verdict pursuant to Fed. R. Crim. P. 29(c). St. Surin was found guilty by a jury of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and sentenced principally to a 188-month term of imprisonment, followed by five years of supervised release and a $5,000.00 fine.

St. Surin first argues that the evidence against him was insufficient to sustain a guilty verdict. We disagree. St. Surin incorrectly asserts that the only evidence connecting him to the drug conspiracy was the testimony of Eugene Weldon, an accomplice. The government, however, corroborated Weldon's testimony with wire interceptions, pen-register data, and video surveillance. Further, in this circuit, a conviction may be sustained on the basis of the testimony of a single accomplice without corroboration. <u>United States v. Diaz</u>, 176 F.3d 52, 92 (2d Cir. 1999). Here, we easily conclude that the evidence was legally sufficient to support the jury verdict.

St. Surin also seeks a new trial because the government allegedly failed to turn over discoverable material in a timely fashion in violation of the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, and because after the government turned over the material, the district court failed to strike the testimony of a government witness, Anthony Burden. The day after Burden testified, the government turned over discoverable material — Burden's grand-jury testimony in an unrelated case — that it had inadvertently omitted to turn over earlier.

Under the circumstances, we find any error by the government to be harmless. Burden testified only about dealing with Weldon, not with St. Surin. Moreover, there was no material inconsistency between Burden's grand-jury testimony in the unrelated case and his testimony at trial. And finally, the defendant was offered the opportunity to have Burden recalled for cross-examination on the basis of the grand-jury testimony and he declined the offer.

```
 1       Accordingly, and for the foregoing reasons, the judgment of
 2  the district court is hereby AFFIRMED.
 3
 4                           FOR THE COURT:
 5                           Roseann B. MacKechnie, Clerk
 6
 7
 8                           By  /s/ Lucille Carr
 9                           Lucille Carr, Deputy Clerk
10
11
12
```

4

A TRUE COPY
Roseann B. MacKechnie, CLERK
by /s/ Ralph
DEPUTY CLERK