UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2007 AUG 23 P 1:30

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Case No. 3:00-cr-00263 (JCH) |
| ROBERT JONES | ) |

---

**MOTION TO CORRECT CLERICAL ERROR IN WRITTEN JUDGMENT PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 36**

---

Comes now, Robert Jones, pro se, defendant, (hereinafter "defendant") and respectfully request this Court to correct a clerical error in the criminal Judgment in the above captioned case. In support of this request the defendant puts forth the accompanying Memorandum of Law.

The defendant seeks adjudication as a pro se litigant pursuant to Haines v. Kerner, 404 US 519 (9172).


Respectfully Submitted,

/s/ Robert Jones
Robert Jones, pro se
Reg. No. 14230-014
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

8-19-07
Dated

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA )
)
v. ) Case No. 3:00-cr-00263
)
ROBERT JONES )

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT CLERICAL ERROR IN THE WRITTEN JUDGMENT, PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 36

Comes now, Robert Jones, pro se, defendant, (hereinafter "defendant") and respectfully request this Court to correct a clerical error in the written Judgment in the above captioned case. In support of this request the defendant puts forth the following:

## SALIENT FACTS

The defendant was arrested in March, 2001 in the state of New York for a violation of drug laws. On or about June 12, 2001 the defendant was arrested by the United States Marshals for federal drug charges. The federal charges stemmed from the same criminal conduct that New York state had arrested and charged the defendant for. On February 28, 2002 the defendant waived the federal indictment and pled guilty to Information in the court of Magistrate Judge Holly B. Fitzsimmons. The defendant pled guilty to one count of conspiracy to possess with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). On December 9, 2002 the defendant was sentenced

before Honorable Janet C. Hall, United States District Court, District of Connecticut. The Court sentenced the defendant to 188 months, however, ruled that 21 months of incarceration from New York state was the result of "relevant conduct in the offense before this Court." (Tr.p.37). The Court then imposed the "remaining term of 164 months upon the defendant." (Tr.p.37).

The defendant was ultimately placed in the custody of the Bureau of Prisons, (B.O.P.). The written Judgment that followed states the term of incarceration of 188 months. (See Att.). The written Judgment does not comport with the oral pronouncement of the 21 month departure for relevant conduct.

STANDARD:

"Clerical mistakes in Judgments, Orders or other parts of the record and errors in the record arising from oversight or omissions may be corrected by the Court at any time and after such notice as the Court orders." Federal Rules of Criminal Procedure, Rule 36.

ARGUMENT

Because the oral pronouncement of the Court at sentencing stated the defendant was to serve "164 months", and the written Judgment states 188 months, thus failing to account for the relevant conduct reduction ordered by the Court, this Court should correct this clerical error so that the Bureau of Prisons can correct their computation data and cure the resulting prejudice.

2

It has long been established that when there is any conflict between the oral pronouncement of a sentence in open court and the subsequent written Judgment, the oral pronouncement is controlling. See, United States v. Rosario, 386 F.3d 166, 168 (2nd Cir. 2004) (well settled proposition that when oral and written judgments conflict, oral pronouncement controls); United States v. Handakas, 329 F.3d 115, 117 (2nd Cir. 2003) (any conflict between oral and written pronouncements, oral generally controls); United States v. DeMartino, 112 F.3d 75, 78 (2nd Cir. 1997) (written Judgment of 63 months was in error of oral pronouncement of 48 months requiring remand for correction). See also, United States v. Marquez, 506 F.2d 620 (2nd Cir. 1974) (proposition of oral pronouncement being controlling was first held by 2nd Circuit in adopting view of Sobel v. United States, 407 F.2d 180, 184 (2nd Cir. 1969)); Bartone v. United States, 375 US 52, 53 (1963) (rejecting one day added to a one year sentence).

A detailed examination of the facts reveal that the Court imposed a sentence of incarceration of 164 months. (Tr.p.37). The mistake was simply made by clerical personnel who failed to account for the relevant conduct departure and applied the 188 months stated by the Court prior to stating the departure. (See Judgmnt). The result is that the defendant has suffered prejudice because the B.O.P. has made the computation according to the written Judgment and will not alter the computation, absent a correction in the written Judgment by this Court. Accordingly, the defendant respectfully request this Court vacate

3

the Judgment pursuant to Rule 36, and correct the Judgment to reflect the 164 months sentence imposed by the oral pronouncement.

Lastly, the defendant respectfully request this Court also include in the written Judgment that his concurrent sentence commence from the date of his arrest in **March, 2001**. This requested action will serve to allow for true concurrent sentencing, since the Court determined that the state arrest and federal charges are from the "same conduct." Also, it will serve to eliminate any miscalculation of time by the B.O.P.

## CONCLUSION

For the foregoing reasons the defendant prays this Court will GRANT this motion.

Respectfully Submitted,

Robert Jones, pro se  
Reg. No. 14230-014  
F.C.I. Otisville  
P.O. BOx 1000  
Otisville, NY 10963

8-19-07  
Dated

4

## VERIFICATION

I, Robert Jones, being duly sworn, upon oath, deposes and say: that the enclosed motion has been read by me and that the facts presented herein are true and correct to the best of my knowledge. I make this statement with the understanding of the penalty of perjury, pursuant to 28 U.S.C. § 1746.

_____                    8-19-07
Robert Jones, pro se                               Dated

## CERTIFICATE OF SERVICE

I, Robert Jones, pro se plaintiff in this matter hereby certify that on 19th day of August, 2007 I served an original and copy via U.S. Mail at F.C.I. Otisville, P.O. Box 1000, Otisville, NY 10963 mailbox to the following:

Clerk of The Court
U.S. District Court
District of Connecticut
915 Layfayette Blvd.
Bridgeport, CT 06604

AUSA, Brian Spears
U.S. Attorneys Office
915 Lafayette Blvd.
Bridgeport, CT 06604

5

1  question about the five grams, and as to that, he is,
2  himself, responsible in the sense that he was involved in the
3  sale of at least that quantity, as I understand in the
4  stipulation.
5         So the Court does not consider -- while the Court
6  recognizes there may be circumstances under which I could
7  depart for this argument, the Court does not find those
8  circumstances present here and finds that the issues
9  concerning Mr. Jones's role are taken care of in the
10 guideline calculation, or can be taken care of, could be
11 taken care of, under the guidelines.
12        Give me just a moment.
13        Therefore, the sentencing guideline range is 188 to
14 235 months.
15        Mr. Jones, I would ask if you would please rise,
16 sir, so I may impose sentence upon you.
17        It is the sentence of this Court to impose upon you
18 a term of incarceration of 188 months.  The Court finds that
19 given that the guideline range calls for more than a 24-month
20 spread, it is the finding of the Court that that sentence is
21 more than adequate to serve the purposes of sentencing under
22 the statute and that no further amount beyond 188 months is
23 needed to serve any of the goals of sentencing.
24        Further, the Court determines that the defendant
25 has already served 21 months of his New York State sentence,