UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | CASE NO. 3:00CR263 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ROBERT JONES | : | SEPTEMBER 26, 2007 |

## GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

On or about August 23, 2007, the defendant, Robert Jones ("Jones") filed a *pro se* "Motion to Correct Clerical Error in Written Judgment Pursuant to Federal Rules of Criminal Procedure, Rule 36." In his motion, Jones claims that during his sentencing, the Court and the parties intended that he receive credit on the 188 month federal sentence imposed by the Court, for 21 months that he had already served for a New York state sentence that was considered relevant conduct – effectively resulting, as announced by the Court, in a 164 month federal sentence. Jones complains that the resulting judgment, however, stated only that the term of incarceration was to be 188 months and, accordingly, it failed to account for the intended 21 month credit. Jones argues that the BOP's resulting computation of the time he is to serve, a copy of which was also attached to his motion, has been based on the 188 month judgment and, accordingly, fails to account for the intended credit as well. Jones requests that the Court correct the judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure to arrive at a 164 month federal term.[1]

On August 29, 2007, the Court entered an Order directing the government to show cause on or before September 28, 2007, why the relief prayed for in Jones' motion should not be granted.

---

[1] Rule 36 of the Federal Rules of Criminal Procedure provides: "After giving any notice it considers appropriate, the court may *at any time* correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added).

The government has since obtained the sentencing transcript, a full copy of which is attached for the Court's convenience as Exhibit 1. A review of the full transcript confirms that the Court and the parties clearly intended that the defendant receive a 21 month credit on his 188 month sentence for the New York State sentence that the Court and the parties considered to be part of the relevant conduct involved in this case. *See*, *e.g.,* Sentencing Transcript dated December 9, 2002 at 22-23 (THE COURT: "That's fine. Okay. Yes, I looked at that and your memo, Attorney Gladstone. I didn't have any difficulty and obviously, the government's in agreement so I don't think we should address that issue. Obviously, he should get credit for that time."); *see also id.* at 26 (MR. SPEARS: "On the concurrent sentence, there is agreement on that. We've put that forth in our sentencing memo as well."); *see also id.* at 36:

> THE COURT: It is the sentence of this Court to impose upon you a term of incarceration of 188 months. The Court finds that given that the Guideline range calls for more than a 24-month spread, it is the finding of this Court that the sentence is more than adequate to serve the purposes of sentencing under the statute and that no further amount beyond 188 months is needed to serve any of the goals of sentencing.
>
> Further, the Court determines that the defendant has already served 21 months of his New York State sentence, which the Court finds that sentence and conviction is a result of conduct that is covered by the relevant conduct in the offense before this Court and therefore, the Court would impose a sentence, the remaining term of the sentence imposed by the Court of 164 months upon the defendant, which term the Court would order to run concurrent with the remainder of the defendant's sentence. I'm not sure if it's with the remainder, I'm not sure that's the correct way to say it because he may be released earlier in New York but the remainder of his sentence is 164 months, and the Court orders it to run concurrent to his New York sentence, period. So there's no confusion on that.[2]

---

[2] It is admittedly unclear to the government how the 164 month number was derived, as a 21 month credit off a 188 month sentence would appear to result in a remaining *167* month sentence. The government, however, will defer to the Court on this issue and as to how any potential discrepancy should be resolved.

-3-

In light of the foregoing, the government has no objection to the Court's taking whatever steps necessary and available under the law in order for it to give effect to the Court's and the parties' intention that Mr. Jones receive credit for the 21 months that he had already served on his New York State sentence that was considered relevant conduct in the instant case (whether that is a corrected judgment under Fed. R. Crim. P. 36 stating that the period of incarceration imposed was 188 months, but with a 21 month credit; or whether (if necessary to ensure that Mr. Jones gets the intended credit under BOP calculations), that requires a corrected judgment under Fed. R. Crim. P. stating that the effective sentence imposed was intended to be 164 (or 167) months).

          Respectfully submitted,

          KEVIN J. O'CONNOR
          UNITED STATES ATTORNEY


          STEPHEN B. REYNOLDS
          ASSISTANT UNITED STATES ATTORNEY
          FEDERAL BAR NO. CT19105
          UNITED STATES ATTORNEY'S OFFICE
          915 LAFAYETTE BOULEVARD
          BRIDGEPORT, CT 06604
          (203) 696-3000
          (203) 579-5575 (fax)
          Stephen.Reynolds@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that on this 26th day of September 2007, a copy of the foregoing was served insofar as it was sent by regular first class mail, postage prepaid, to the *pro se* petitioner at the following address:

    Robert Jones
    Reg. No. 14230-014
    FCI Otisville
    P. O. Box 1000
    Otisville, New York 10963

                                              _____
                                              STEPHEN B. REYNOLDS
                                              ASSISTANT UNITED STATES ATTORNEY