UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
    Plaintiff,                       :
                                      :    CRIMINAL ACTION NO.
v.                                 :    3:00-cr-263 (JCH)
                                        :
ROBERT JONES               :
    Defendant.                 :    OCTOBER 26, 2007

**RULING RE: DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR IN
WRITTEN JUDGMENT PURSUANT TO FEDERAL RULE OF CRIMINAL
PROCEDURE 36 [Doc. No. 1836]**

Defendant Robert Jones brings this Motion to Correct Clerical Error in Written

Judgment Pursuant to Federal Rule of Criminal Procedure 36 (Doc. No. 1836), claiming

that the written judgment issued sentencing Jones to 188 months does not reflect the

court's oral judgment sentencing Jones to 164 months.  See Judgment (Doc. No.

1256); Transcript of Sentencing Hearing on December 9, 2002 ("Sentencing

Transcript") at 36-7 (Doc. No. 1843).  For the reasons that follow, Jones' motion is

Granted.

**I.      DISCUSSION**

Federal Rule of Criminal Procedure 36 allows the court, at any time after giving

appropriate notice, to "correct a clerical error in a judgment, order, or other part of the

record, or correct an error in the record arising from oversight or omission." FED. R.

CRIM. P. 36.

1

In imposing sentence on Jones, the court stated that,

> the defendant has already served 21 months of his New York State
> sentence, which the Court finds that sentence and conviction is a result of
> conduct that is covered by the relevant conduct in the offense before this
> Court and therefore, the Court would impose a sentence, the remaining
> term of the sentence imposed by the Court of 164 months upon the
> defendant.

Sentencing Transcript at 36-7.  However, the written judgment stated Jones' sentence

as "one hundred and eighty-eight months . . . to be served concurrently with his New

York state sentence."  Judgement.  The court finds that this written judgment does not

reflect the court's oral imposition of sentence and is a clerical error that should be

corrected pursuant to Rule 36.

The court notes that the transcript of the sentencing reflects that the court

misspoke at the time of sentencing.  See Sentencing Transcript at 36-7.  The court

sentenced Jones to 188 months, with a reduction for time served on a state sentence

for relevant conduct of 21 months.  Id.  The court then stated the remaining term as 164

months; this term should have been 167 months reflecting 188 months minus 21

months.  However, while the court clearly meant 167 months, the court may only correct

a sentence that resulted from "arithmetical, technical, or other clear error" within seven

days of sentencing.  FED. R. CRIM. P. 35.  Therefore, the court is unable to correct this

arithmetical error and the sentence of 164 months orally imposed at sentencing stands.

## II.    CONCLUSION

For the foregoing reasons, Jones' Motion for Reconsideration (Doc. No. 1836) is

GRANTED.  The court will issue an amended judgment sentencing Jones to 164

months, to run concurrent to his state sentence.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of October, 2007.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge