**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 3:00-CR-263 (JCH) |
| ROBERT JONES, | : | |
|     Defendant. | : | September 27, 2010 |

**RULING RE: MOTION FOR REDUCTION OF SENTENCE [Doc. No. 2041]**

Defendant Robert Jones has filed a Motion for Reduction of Sentence (Doc. No. 2041) in which he seeks to benefit from retroactive changes in the sentencing guidelines for crack-cocaine offenses. Because Jones was originally sentenced as a career offender, he is not eligible for resentencing, and the Motion is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

At his sentencing on December 9, 2002,[1] the court found that Jones was a career offender under the Sentencing Guidelines, resulting in a base offense level of 34 and an adjusted offense level of 31, after accounting for acceptance of responsibility. Sentencing Tr. 13-15, Dec. 9, 2002, 3:00CR263(JCH), Doc. No. 1843. Career offender status requires at least two prior felony convictions involving either a controlled substance or a crime of violence. U.S.S.G. § 4B1.1(a) (2002). On the basis of the Pre-Sentence Report ("PSR"), the court found that Jones had at least three qualifying prior felony convictions.[2] Sentencing Tr. 13-14, 32.

---

[1] The court has reviewed the sentencing transcript, the Presentence Report, and the record on appeal in connection with the instant Motion.

[2] At the time of sentencing, the court concluded that a fourth conviction – for second degree assault – did not count toward Jones' career offender status because the sentence for that conviction was suspended. Sentencing Tr. 13-14, 32. In response to a petition for writ of habeas corpus by Jones, the court later corrected its position on the fourth conviction, concluding that the fourth conviction counted

If Jones had not been a career offender, his base offense level would have been 30 and his adjusted offense level would have been 27. Sentencing Tr. 12-15; U.S.S.G. § 2D1.1 (2002). Pursuant to U.S.S.G. §4B1.1(b), "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [for career offenders] shall apply." Therefore, the court applied the adjusted offense level for a career offender. Sentencing Tr. 13-14.

Because Jones was a career offender, his criminal history category was VI. U.S.S.G. §4B1.1(b) (2002). The court also found that Jones had 15 criminal history points, which would have yielded a criminal history category of VI even if Jones were not a career offender. Sentencing Tr. 38.

Jones' adjusted offense level of 31 and criminal history category of VI resulted in a guideline range of 188 to 235 months imprisonment. Sentencing Tr. 15, 36; U.S.S.G. Sentencing Table (2002). The court imposed a 188 month sentence on Jones, which was reduced to 164 months to reflect credit for time served on a related New York state sentence.[3] Sentencing Tr. 36. On October 15, 2004, the Second Circuit summarily affirmed the judgment of the district court. <u>United States v. Jones</u>, 112 Fed. Appx. 111, 2004 WL 2338140 (2d Cir. 2004). On July 18, 2005, the Second Circuit denied Jones' request for remand for resentencing because Jones had knowingly and voluntarily

---

toward career offender status even though the sentence was suspended. <u>See</u> Ruling Denying Mot. to Vacate Sentence, Dec. 14, 2006, 3:06CV1127(JCH), Doc. No. 8, Ruling Denying Mot. for Reconsideration, Feb. 5, 2007,3:06CV1127(JCH), Doc. No. 10, at 3-4.

[3] Although the court orally provided credit for time served during sentencing, its initial written judgment sentenced Jones to 188 months of imprisonment without reference to the 24 month reduction. On Motion by Jones, the court corrected the clerical error in a ruling on October 26, 2007. Ruling Granting Mot. to Correct Clerical Error, Oct. 26, 2007, 3:00CR263(JCH), Doc. No. 1851.

waived his right to appeal.  United States v. Jones, No. 03-1014(CON) (2d Cir. 2005) (unpublished order).

On May 13, 2004, Jones also filed a petition under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  Mot. to Vacate Sentence, May 13, 2004, 3:00CR263(JCH), Doc. No. 1671.  On July 21, 2005, Jones withdrew the section 2255 petition pending the outcome of his direct appeal of his sentence before the Second Circuit.[4]  Mot. to Withdraw Doc., July 21, 2005, 3:00CR253(JCH), Doc. No. 1753.  After his request for resentencing was denied by the Second Circuit, Jones renewed his section 2255 petition on July 21, 2006.  Mot. to Vacate Sentence, July 21, 2006, 3:06CV1127(JCH), Doc. No. 1.  Jones argued that his first attorney should not have stipulated to Jones' status as a career offender.[5]  In a written opinion, the district court rejected Jones' claim, concluding that, at the time of sentencing, the district court had determined Jones' status as a career offender on the basis of the PSR rather than on the basis of any stipulation by Jones.  Because Jones had four qualifying prior felony convictions,[6] even if two convictions were invalid as Jones alleged, Jones would still have qualified as a career offender under U.S.S.G. § 4B1.1(a)(3) (2002).  See Ruling Denying Mot. to Vacate Sentence, Dec. 14, 2006, 3:06CV1127(JCH), Doc. No. 8, Ruling Denying Mot. for Reconsideration, Feb. 5, 2007, 3:06CV1127(JCH), Doc. No. 10, at 3-4.

---

[4] Jones mailed his Motion to Withdraw on July 8, 2005, but it was not docketed until July 21, 2005, three days after his appeal before the Second Circuit was denied.

[5] In fact, although Jones initially stipulated to career offender status, he withdrew this stipulation after obtaining new counsel, and this withdrawal occurred prior to sentencing.

[6] See supra note 2.

## II. DISCUSSION

Jones seeks resentencing under the amended Sentencing Guidelines for cocaine base.  Were Jones to be sentenced anew under the amended guidelines, his base offense level, based upon his drug quantity and <u>without</u> career offender status would fall from 30 to 28, and his adjusted offense level would fall from 27 to 25. U.S.S.G. § 2D1.1 (2009).

However, because Jones was sentenced as a career offender, he is not eligible for a reduction in his sentence.  It is well-settled in the Second Circuit that "a defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines."  <u>United States v. Martinez</u>, 572 F.3d 82, 85 (2d Cir. 2009); <u>see also</u> <u>United States v. Driffin</u>, 357 Fed. Appx. 358 (2d Cir. 2009) (denying resentencing where defendants originally sentenced as career offenders); <u>United States v. Castillo</u>, No. 09-0758-cr, 2010 WL 2070447 (2d Cir. May 25, 2010) (same); <u>United States v. Moulton</u>, No. 08-3244-cr, 2010 WL 2135649 (2d Cir. May 28, 2010) (same).

When the Sentencing Commission amended the guidelines set forth in U.S.S.G. § 2D1.1(c) to reduce most penalties related to cocaine base, it elected to apply the amendments retroactively.  However, when a guideline change is retroactive, the court's sole authority to resentence a defendant arises under 18 U.S.C. § 3582(c).  That statute prohibits the court from "modify[ing] a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if

4

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. Here, the relevant policy statements from the Sentencing Commission permit a retroactive sentence reduction only if the amendments "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (2009).

Because the career offender guideline has not been amended and still applies to Jones, his adjusted offense level on resentencing remains 31. With a criminal history category of VI, his applicable guidelines range is still 188-235 months. Because his applicable guideline range remains the same both before and after the recent amendments, the crack cocaine amendments have not had "the effect of lowering the defendant's applicable guideline range" within the meaning of the Sentencing Guidelines' Policy Statement governing resentencings. See U.S.S.G. § 1B1.10(a)(2)(B). Thus, resentencing is not permitted under 18 U.S.C. § 3582(c).

Jones invokes U.S. v. Booker, 543 U.S. 220, and subsequent cases for the proposition that "the sentencing guidelines are advisory and that judges may vary from their recommendations as long as they respect all statutory requirements." Def. Mot. at 2. Jones argues that, in light of Booker as well as United States v. Sanchez, 517 F.3d 651 (2d Cir. 2008), and United States v. Corner, 598 F.3d 411 (7th Cir. 2010), the court has the authority to reduce his existing sentence, "regardless of his career criminal sentence." Def. Mot. at 2.

Booker and its progeny do not apply. Booker held that 18 U.S.C. § 3553(b) was unconstitutional because it required judges to sentence defendants in accord with the sentencing guidelines at their initial sentence. See Booker, 543 U.S. at 232-33. Here,

the court is not applying section 3553(b).  Instead, it is applying section 3582(c), coupled with the relevant policy statements of the Sentencing Commission.  <u>Sanchez</u> and <u>Corner</u> are similarly inapposite: both pertained to the court's ability to depart from an advisory career offender guideline at the time of sentencing.  Neither case related to resentencing under section 3582(c).

## III. CONCLUSION

For the foregoing reasons, Jones' Motion for Resentencing is **DENIED.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 27th day of September, 2010.

    /s/ Janet C. Hall
Janet C. Hall
United States District Court